■ In the Matter of County of Erie et al., Appellants, v Alan G. Hevesi, as State Comptroller, et al., Respondents. [794 NYS2d 474]—

Crew III, J. Appeal from that part of a judgment of the Supreme Court (Clemente, J.), entered May 5, 2004 in Albany County, which partially denied petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent New York State and Local Employees' Retirement System denying the application of petitioner Patrick Gallivan for an award of ordinary disability retirement benefits filed on behalf of respondent David V. Clark.

In June 1999, respondent David V. Clark, then employed as a correction officer for the Erie County Sheriff's Department, sustained an injury to his back when the chair in which he was sitting gave way. Clark apparently was placed on disability leave, and petitioners thereafter paid Clark, a tier I member of re-

spondent New York State and Local Employees' Retirement System, his full salary pursuant to General Municipal Law § 207-c.

In January 2003, petitioner Patrick Gallivan, the Erie County Sheriff, applied on behalf of Clark for tier I and II ordinary disability retirement benefits pursuant to Retirement and Social Security Law § 62. Following a hearing, at which the parties stipulated to the essential facts and certain documents were received in evidence, the Hearing Officer denied the application, finding that an employer may not file an application for ordinary retirement benefits where, as here, the employee is receiving benefits pursuant to General Municipal Law § 207-c. Respondent Comptroller upheld that decision.

Petitioners thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the Comptroller's determination or, in the alternative, seeking to compel the Retirement System to treat the underlying application as one for accidental disability retirement benefits. Supreme Court upheld the Comptroller's construction of the relevant statutes, but granted that portion of the petition seeking to have Gallivan's application on behalf of Clark treated as an application for accidental disability retirement benefits pursuant to Retirement and Social Security Law § 63.* Petitioners now appeal from that portion of Supreme Court's judgment denying their request to annul the Comptroller's determination.

We affirm. Retirement and Social Security Law § 62 (a) permits "[t]he head of the department in which [the] member is employed" to file an application for ordinary disability retirement benefits on behalf of the member in question. In order to be eligible for such benefits, the member must have at least 10 years of service credit and have been either in service at the time the application was filed or discontinued from service for not more than 90 days, provided the member was disabled prior thereto (see Retirement and Social Security Law § 62 [aa]). Notably, an application for ordinary retirement benefits under Retirement and Social Security Law § 62 does not require the member to demonstrate that he or she has been permanently incapacitated either as the result of an accident or in the performance of his or her duties in order to receive benefits.

Read in isolation, Retirement and Social Security Law § 62 (a) would appear to authorize Gallivan to file an application for ordinary disability retirement benefits on Clark's behalf. The is-

---

* Counsel for petitioners has advised this Court that Clark subsequently filed an application for accidental disability retirement benefits, which was denied by the Comptroller in September 2004.

sue for our consideration, however, is whether such action is authorized given that Clark is receiving benefits pursuant to General Municipal Law § 207-c and, by implication, whether Gallivan can, via an application for ordinary disability retirement benefits, succeed in discontinuing Clark's benefits under General Municipal Law § 207-c. That statute permits the employer of a member receiving benefits thereunder to discontinue the payment of such benefits if such member is granted (1) an accidental disability retirement allowance under Retirement and Social Security Law § 363, (2) a performance of duty disability retirement allowance under Retirement and Social Security Law § 363-c, or (3) a "similar accidental disability pension provided by the pension fund of which he is a member" (General Municipal Law § 207-c [2]). If the member does not apply for "such retirement allowance or pension," the statute permits the head of the relevant police force to do so (*id.*).

Petitioners' argument that there is nothing in Retirement and Social Security Law § 62 and/or General Municipal Law § 207-c that precludes Gallivan from filing an application for ordinary disability retirement benefits on Clark's behalf and, if approved, discontinuing the employer's payment of Clark's full salary is belied by the plain language of the latter statute. General Municipal Law § 207-c clearly provides for the discontinuation of the benefits afforded thereunder in three enumerated circumstances, each of which requires the member to have received some sort of accidental disability retirement benefit or pension. As noted previously, an application for ordinary disability retirement benefits under Retirement and Social Security Law § 62 does not require the applicant to demonstrate that he or she was permanently incapacitated either as the result of an accident or in the performance of his or her duties in order to receive benefits. Hence, a retirement benefit granted under that statute cannot be deemed a "similar accidental disability pension" within the meaning of General Municipal Law § 207-c. And, significantly, the provision permitting the head of the member's police force to file an application for "such retirement allowance or pension" plainly and unequivocally refers to the three enumerated allowances set forth in the statute. Hence, we cannot say that the Comptroller and/or Supreme Court erred in concluding that Gallivan lacked the statutory authority to file an application for ordinary retirement benefits on Clark's behalf under the circumstances presented here. Accordingly, Supreme Court's judgment is in all respects affirmed.

Cardona, P.J., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.